IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAY PARKER,<br><br>      Petitioner,<br><br>  vs.<br><br>JAMES CONWAY,[1] Acting Superintendent, Attica Correctional Facility,<br><br>      Respondent. | No. 9:07-cv-00373-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Clay Parker, a state prisoner appearing *pro se*, has filed a Petition for Habeas Corpus relief under 28 U.S.C. § 2254. Parker is currently in the custody of the New York Department of Correctional Services, incarcerated at the Attica Correctional Facility. Respondent has answered, and Parker has replied.

I. PRIOR PROCEEDINGS/BACKGROUND

  Following a jury trial, Parker was convicted in the Albany County Court of second-degree murder (N.Y. Penal Law § 125.25(2)).[2] The Albany County Court sentenced Parker to an indeterminate prison term of 25 years to life. Parker timely appealed his conviction to the New York Appellate Division, which affirmed. The New York Court of Appeals granted leave to

---

 [1] James Conway, Acting Superintendent, Attica Correctional Facility is substituted for Robert E. Ercole, Superintendent, Green Haven Correctional Facility. Fed. R. Civ. P. 25(d).

 [2] Although the jury convicted Parker of depraved indifference murder, it acquitted him of intentional murder.

appeal and affirmed the decision of the Appellate Division on December 14, 2006.[3]  Parker timely filed his Petition for relief in this Court on March 26, 2007.

The facts underlying Parker's conviction, as recited by the Appellate Division, are:

> The evidence at trial established that [Parker] [FN3] fired but a single shot across the street where several other people besides the victim were present after a night of drinking alcohol and smoking marihuana (*see People v. Fenner,* 61 N.Y.2d 971, 475 N.Y.S.2d 276, 463 N.E.2d 617 [1984]; *People v. Jernatowski,* 238 N.Y. 188, 144 N.E. 497 [1924] ).  Just minutes earlier, [Parker] and his companions had stolen two separate vehicles outside a nearby pizza shop, one of which belonged to the victim.  Upon locating these vehicles outside the apartment of [Parker's] friend, the victim punched another of [Parker's] friends in the face, knocking him to the ground.  It was then that the single shot was fired.[FN4]
>> FN3. Notably, not one witness identified [Parker] as the person who fired the shot that morning and no witness, including the victim's friend and girlfriend who were present when the shot was fired, even knew that he was fatally injured until the next morning.  [Parker] testified on his own behalf and denied that he was the shooter.  The jury's acquittal on the intentional murder count and guilty verdict on the depraved indifference count signifies its conclusion that the evidence nevertheless established [Parker] as the shooter that morning but left a reasonable doubt as to whether he acted with the intent to kill the victim.
>> FN4. The victim ran away and was later discovered lying face down in a snowbank, moving and attempting to speak.  He ultimately died from massive blood loss.  The pathologist who conducted the autopsy testified that the victim's injury was of the type that could be treated and was not necessarily fatal.
>
> The distance between [Parker], who was a novice user of the subject rifle, and the people across the street was hardly close.  All of the witnesses testified that the "shooter" (*see* n. 3, *supra* ) was standing inside the hallway of a residence on the opposite side of the street.  The victim, his girlfriend, their male companion and two of [Parker's] own friends were located across the street from this residence near the victim's parked car.  Another of [Parker's] friends was also in the immediate vicinity.  Moreover, it was dark outside, the street was dimly lit and the weather was described as "a blizzard."[4]

---

[3] *People v. Parker*, 814 N.Y.S.2d 818 (N.Y.A.D.), *aff'd*, 860 N.E.2d 980 (N.Y. 2006).

[4] *Parker*, 814 N.Y.S.2d at 820-21.

## II.  GROUNDS RAISED/DEFENSES

Parker raises three grounds for relief:  (1) the evidence was insufficient to support a finding that he acted with depraved indifference; (2) the finding that he acted with depraved indifference was against the weight of the evidence; and (3) if trial counsel did not preserve the sufficiency of the evidence argument, trial counsel was ineffective.  Respondent contends that Parker's first ground is procedurally barred.  Respondent raises no other affirmative defense.[5]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[7]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[8]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

---

[5] *See* Rules—Section 2254 Cases, Rule 5(b).

[6] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[7] *Williams*, 529 U.S. at 412.

[8] *Early v. Packer*, 537 U.S. 3, 10 (2002).

'unreasonabl[y] appli[ed] clearly established Federal law.'"[9] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[10] The Supreme Court has made clear that the objectively-unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[11] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[12] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[13] Parker "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[14]

In applying this standard, this Court reviews the last reasoned decision by the state court.[15] In addition, the state court's findings of fact are presumed to be correct unless the

---

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[12] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[13] *See Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[14] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[15] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

petitioner rebuts this presumption by clear and convincing evidence.[16] Although pre-AEDPA precedent established that deference is due to findings of state appellate courts,[17] the Second Circuit has left the question open with respect to AEDPA cases.[18] In the absence of a clear indication from the Second Circuit to the contrary, this Court can find no principled reason not to apply the same rule in the context of AEDPA, *i.e.*, findings of a state appellate court are presumed to be correct.

## IV. DISCUSSION

In affirming the decision of the Appellate Division, the New York Court of Appeals held:

[Parker's] claim that the evidence was legally insufficient to support the verdict is unpreserved, his claim that the verdict was against the weight of the evidence is beyond our power to review, and his ineffective assistance of counsel claim is without merit.[19]

In rejecting Parker's argument that the verdict was against the weight of the evidence, the Appellate Division held:

> Upon our review of the trial evidence, in conjunction with the definition of depraved indifference as charged to the jury,[FN2] we find that the verdict was not against the weight of the evidence. In considering the proof in a neutral light and according due deference to the jury's opportunity to hear the testimony and observe the demeanor of all witnesses (*see e.g. People v. Mateo,* 2 N.Y.3d 383, 410, 779 N.Y.S.2d 399, 811 N.E.2d 1053 [2004], *cert. denied* 542 U.S. 946, 124 S.Ct. 2929, 159 L.Ed.2d 828 [2004]; *People v. Cahill,* 2 N.Y.3d 14, 58, 777 N.Y.S.2d 332, 809 N.E.2d 561 [2003]; *People v. Bleakley,* 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672 [1987] ), we are satisfied that this verdict is

---

[16] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[17] *See Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

[18] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

[19] *Parker*, 860 N.E.2d at 980.

not against the weight of the evidence and specifically reject the claim that the jury failed to give the evidence the weight that it should be accorded.

> FN2. In conducting a weight of the evidence analysis, this Court " 'is constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant' " (*People v. Cooper,* 88 N.Y.2d 1056, 1058, 651 N.Y.S.2d 7, 673 N.E.2d 1234 [1996], quoting *People v. Noble,* 86 N.Y.2d 814, 815, 633 N.Y.S.2d 469, 657 N.E.2d 490 [1995] ). Here, the jury was charged that depravity could be found where the circumstances surrounding the reckless conduct "made it so uncaring, so callous, so dangerous, and so inhuman as to demonstrate an attitude of total and utter disregard for the life of the person or persons endangered." In our view, the evidence supported a finding of depraved indifference as so defined.

[At this point, the Appellate Division recited the facts replicated in this decision, *ante*, at page 2, and in the interests of brevity are not repeated here.] In our view, [Parker's] conduct in firing from a doorway across the street in a direction where several people were present on a dark, snowy night established his indifference to the grave risk of death posed by his actions.

While the jury heard testimony from one witness, who acknowledged that he had changed his statement to police a couple of times and who was himself threatened with being charged with murder, that [Parker] allegedly told him that he put the scope on the victim's chest that morning, they also heard evidence from the victim's girlfriend that the victim was pacing back and forth on the street at the time the shot was fired. The jury further heard testimony that, just minutes before the shooting, [Parker] refused to participate in his companions' decision to steal the victim's car because he and the victim had been childhood friends. Thus, even though [Parker] would not participate in the relatively petty offense of stealing the victim's car, [Parker] asserts that the *only* conclusion to be drawn from the evidence is that he acted only with intent to kill him just minutes later (*compare People v. Hafeez,* 100 N.Y.2d 253, 762 N.Y.S.2d 572, 792 N.E.2d 1060 [2003], *supra; Policano v. Herbert,* 430 F.3d 82 [2005] ). The jury obviously, and reasonably in our view, disregarded this scenario which was within its province as the trier of fact.

In short, this was not a preplanned revenge shooting (*cf. id.*) or a one-on-one, point-blank shooting between feuding individuals, but a sudden and spontaneous act which endangered numerous people such that the verdict of depraved indifference, as opposed to an intentional killing, could have been reached (*see People v. Sanchez,* 98 N.Y.2d 373, 748 N.Y.S.2d 312, 777 N.E.2d 204 [2002], *supra; People v. Fenner, supra; People v. Jernatowski, supra; People v. Baptiste,* 306 A.D.2d 562, 760 N.Y.S.2d 594 [2003], *lv. denied* 1 N.Y.3d 594, 776 N.Y.S.2d 226, 808 N.E.2d 362 [2004]; *cf. People v. Payne,* 3 N.Y.3d 266, 786 N.Y.S.2d 116, 819 N.E.2d 634 [2004], *supra; People v. Gonzalez,* 1 N.Y.3d 464, 775 N.Y.S.2d 224, 807 N.E.2d 273 [2004], *supra*). In other words, there is

ample record support for the jury's decision that [Parker's] conduct that morning was reckless and depraved rather than intentional and, therefore, the verdict must be upheld.[20]

If the Appellate Division correctly found that the evidence satisfied the New York weight of the evidence test, Parker cannot prevail on any ground raised in the Petition. That is, if the determination that Parker's conviction was supported by the weight of the evidence, that finding would, *ipso facto*, preclude a finding that there was insufficient evidence to support the verdict. Consequently, this Court will discuss the second ground first.

Ground 2:  Weight of the Evidence.

Under New York law, the Appellate Division employs two related standards of review—legal sufficiency and weight of the evidence.[21] Although related, each requires a discrete analysis. Under the legal sufficiency standard the Appellate Division must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[22] Under the weight of the evidence standard, the court must examine the evidence further. If, based upon all the credible evidence, a different finding would not have been unreasonable, the Appellate Division must, giving deference to the jury on credibility, weigh the relative probative force of the conflicting testimony and the relative strength of conflicting inferences that may be

---

[20] *Parker*, 814 N.Y.S.2d at 820-21.

[21] N.Y. Crim. Proc. Law § 470.15[4](b), [5].

[22] *People v. Santi*, 818 N.E.2d 1146, 1153 (N.Y. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

drawn from the testimony.[23] In determining the weight of the evidence, the Appellate Division determines credibility issues; it must assess the evidence in light of the elements of the crime as charged to the jury.[24] That is, the Appellate Division "must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt."[25] A verdict that satisfies the legally sufficient test may nevertheless be against the weight of the evidence.[26]

A "weight of the evidence" argument is a pure state law claim grounded in a New York criminal procedure statute, whereas a "legal sufficiency" claim is based on federal due process principles.[27] Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. In making a "weight of the evidence" argument, Parker has not asserted a federal claim; instead, he has raised an error of state law, for which habeas review is not available.[28] Thus, Parker is not entitled to relief under his second ground.

Neither the Appellate Division nor the Court of Appeals addressed the sufficiency of the evidence claim. Although the Court of Appeals denied the ineffective assistance of counsel claim on the merits, it provided no reasoning for its decision. Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the

---

[23] *People v. Bleakley*, 508 N.E.2d 672, 674-75 (N.Y. 1987).

[24] *People v. Johnson*, 890 N.E.2d 877, 879 (N.Y. 2008).

[25] *People v. Danielson*, 880 N.E.2d 1, 5 (N.Y. 2007).

[26] *Id*.

[27] *See Santi*.

[28] *Brown v. Gouverneur Corr. Facility*, 408 F.Supp. 2d 175, 183-84 (W.D.N.Y. 2006).

issues *de novo* on the record before it.[29]  In so doing, because it is not clear that it did not so do, this Court assumes that the state court decided the claim on the merits and the decision rested on federal grounds.[30]  This Court gives the assumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[31]  This Court must, therefore, address the first and third grounds applying this approach.

      Ground 1:  Sufficiency of the Evidence.

Respondent argues that Parker's sufficiency of the evidence claim is procedurally barred. The Court agrees.  Under the adequate-and-independent-state-ground doctrine, federal courts may not review the judgment of a state court that "rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."[32]  Because this doctrine applies on federal habeas review, and because the state-law ground may be a procedural bar,[33] federal habeas courts often speak of an "adequate and independent procedural bar" to federal review of a claim or simply of a "procedurally barred" federal claim.  A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment "rests on a state law ground that is

---

[29] *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a *de novo* standard to a federal claim not reached by the state court).

[30] *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *see also Fama v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same).

[31] *Jimenez*, 458 F.3d at 145-46.

[32] *Harris,* 489 U.S. at 260.

[33] *Id.* at 261-62.

independent of the federal question and adequate to support the judgment."[34] The Court agrees with Respondent that the procedural ground cited by the Court of Appeal, unpreserved for review, is firmly established and regularly followed by the New York courts.[35]

To avoid a procedural bar, Parker must demonstrate either cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.[36] To prove a fundamental miscarriage of justice, Parker must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[37] Although at the gateway stage Parker need not establish his innocence as an "absolute certainty," Parker must demonstrate that more likely than not, no reasonable juror could find him guilty beyond a reasonable doubt.[38] Even assuming that Parker could show cause for the default, as discussed further below, Parker cannot show either prejudice or a fundamental miscarriage of justice.

Because the outcome of Parker's ineffective assistance of counsel claim is dependent upon whether there was sufficient evidence to support the conviction, it is nonetheless necessary to address the sufficiency of the evidence claim on the merits. Under *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most

---

[34] *Coleman,* 501 U.S. at 729.

[35] *See Rhagi v. Artuz*, 309 F.3d 103, 106-07 (2d Cir. 2002).

[36] *Coleman*, 501 U.S. at 749-50 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

[37] *See Schlup v. Delo,* 513 U.S. 298, 321-25 (1995) (linking miscarriages of justice to actual innocence); *United States v. Olano,* 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); *Murray,* 477 U.S. at 496 ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.")

[38] *House v. Bell*, 547 U.S. 518, 538 (2006).

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[39] This Court must, therefore, determine whether the assumed decision of the New York Court of Appeals unreasonably applied *Jackson*. In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial.[40] Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution."[41]

Parker misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. It is a fundamental precept of dual federalism that the several States possess primary authority for defining and enforcing the criminal law.[42] Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law.[43] Unlike the New York Appellate Division when it applies the New York weight of the evidence test, this Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Under *Jackson*, the role of this Court is to simply determine whether there is any

---

[39] *Jackson*, 443 U.S. at 319 (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. ___, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

[40] *Jackson*, 443 U.S. at 318-19.

[41] *Id.* at 326; *see McDaniel*, 130 S. Ct. at 673-74.

[42] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[43] *Jackson*, 443 U.S. at 324 n.16.

evidence, if accepted as credible by the jury, sufficient to sustain conviction of the crime as prescribed by state law.[44]

In this case, the Appellate Division, applying the New York weight of the evidence test, found sufficient evidence to uphold Parker's conviction under New York law and the Court of Appeals denied review. This Court is bound by those determinations. Since evidence sufficient under the legal sufficiency test is not necessarily sufficient to satisfy the New York weight of the evidence test,[45] it follows *a fortiori*, evidence sufficient to satisfy the weight of the evidence test is also sufficient to satisfy the legal sufficiency test.[46] A determination that the evidence was legally sufficient in that situation certainly would not be "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[47] Thus, whether considering Parker's first ground is barred by the procedural default rule, or it is decided on the merits, Parker is not entitled to relief under his first ground.

Ground 3: Ineffective Assistance of Counsel.

Parker argues that, to the extent his trial counsel failed to preserve for review that the evidence was insufficient to support a finding of depraved indifference, counsel was ineffective.

---

[44] *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[45] *Danielson*, 880 N.E.2d at 5.

[46] The New York legal sufficiency standard mirrors *Jackson*. *See Conway*, 849 N.E.2d at 956-57.

[47] 28 U.S.C. § 2254(d); *see Eisemann v. Herbert*, 401 F.3d 102, 110 (2d Cir. 2005); *McKinney v. Artuz*, 326 F.3d 87, 103 (2d Cir. 2003).

As noted above, the New York Court of Appeals found this contention to be without merit, but provided no reasoning for that determination.

Under *Strickland,* to demonstrate ineffective assistance of counsel, Parker must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[48] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[49] Parker must show that his defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[50]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[51]

---

[48] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[49] *Id*.

[50] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002); *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[51] *Knowles v. Mirzayance,* 556 U.S. ___, 129 S. Ct.1411, 1420 (2009).

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[52]

Because Parker would not have prevailed in the New York Court of Appeals on his claim that the verdict was not supported by sufficient evidence, he cannot show there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[53] Parker cannot show prejudice. Consequently, this Court cannot say that the assumed decision of the New York Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[54] Nor, viewing the matter through the doubly-deferential lens of *Mirzayance*, can this Court find that the Court of Appeals unreasonably applied the correct legal principle to the facts of Parker's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Because Parker has failed to show that his defense was prejudiced, as required by *Strickland-Hill*, he is not entitled to relief under his third ground.

## V.  CONCLUSION AND ORDER

Parker is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[52] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[53] *See Woodford*; *Hill*.

[54] 28 U.S.C. § 2254(d).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[55] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[56]

The Clerk of the Court is to enter final judgment accordingly.

Dated: May 7, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[55] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[56] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.